IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:23CR00011 |
| | ) | |
| BRADLEY WAYNE MCCRAW | ) | **INDICTMENT** |
| JUSTIN DARRELL WHITAKER | ) | |
| | ) | **In violation of:** |
| | ) | **18 U.S.C. § 922(g)(1)** |
| | ) | **18 U.S.C. § 922(j)** |
| | ) | **18 U.S.C. § 922(u)** |
| | ) | **18 U.S.C. § 2** |

## INTRODUCTION

The Grand Jury charges that at all times material to this Indictment:

1. Rabbit Ridge Guns Shop and Range, LLC ("Rabbit Ridge"), was a Federal Firearms Licensee (FFL) located in Ararat, Virginia. As an FFL, Rabbit Ridge was licensed by the Attorney General of the United States, pursuant to 18 U.S.C. § 923, to engage in the business of importing, manufacturing, and dealing in firearms during the period of September 1, 2022, through October 1, 2022.

2. In or about the early morning hours of September 22, 2022, the defendants BRADLEY WAYNE MCCRAW and JUSTIN DARRELL WHITAKER broke into Rabbit Ridge by gaining entry through the back door of the business. Upon gaining entry, the defendants stole the following firearms that were in Rabbit Ridge's business inventory:

    a. Diamondback Firearms, Model: DBX, 5.7mm pistol;

    b. Kel-Tec, Model: P50, 5.7mm pistol;

    c. Sauer, J.P. & Sohn, Model: 38H, .32 caliber pistol;

    d.  CZ, Model: Unknown, .380 caliber pistol;

    e.  SAR, Model: 109T, 9mm pistol;

    f.  Garaysar, Model: MKA1923, 12-gauge shotgun;

    g.  Mossberg, Model: 590 Shockwave, 20-gauge firearm;

    h.  Smith & Wesson, Model: M&P Mod 10, .38 caliber revolver;

    i.  Fabrique Nationale (FN), Model: 1922, .32 caliber semi-automatic pistol;

    j.  Palmetto State Armory, Model: PA15, 5.56 caliber rifle;

    k.  Ruger, Model: Blackhawk, .357 caliber revolver;

    l.  Mossberg & Sons, Model: 590 Shockwave, 12-gauge firearm;

    m.  Paramount, Model: 1915, .32 caliber pistol.

## COUNT ONE

The Grand Jury further charges that:

1. The Introduction of this Indictment is realleged and made a part of this Count.

2. On or about September 22, 2022, in the Western District of Virginia and elsewhere, the defendants, BRADLEY WAYNE MCCRAW and JUSTIN DARRELL WHITAKER, each knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, which are the firearms described in paragraph 2 of the Introduction to this Indictment, said firearms having been shipped and transported in interstate or foreign commerce, and did aid and abet in the same.

3. All in violation of Title 18, United States Code, §§ 922(g)(1), 2.

## COUNT TWO

The Grand Jury further charges that:

1. The Introduction of this Indictment is realleged and made a part of this Count.

2. On or about September 22, 2022, in the Western District of Virginia, the defendants, BRADLEY WAYNE MCCRAW and JUSTIN DARRELL WHITAKER, knowingly and intentionally stole and unlawfully took and carried away from a person and the premises of a person who is licensed to engage in the business of importing, manufacturing, and dealing in firearms, one or more firearms in the licensee's business inventory, which are the firearms described in paragraph 2 of the Introduction to this Indictment, that have been shipped and transported in interstate and foreign commerce, and did aid and abet in the same.

3. All in violation of Title 18, United States Code, §§ 922(u), 2.

## COUNT THREE

The Grand Jury further charges that:

1. The Introduction of this Indictment is realleged and made a part of this Count.

2. Beginning on or about September 22, 2022, and continuing until a date uncertain, in the Western District of Virginia and elsewhere, the defendants, BRADLEY WAYNE MCCRAW and JUSTIN WHITAKER, knowingly possessed, received, concealed, stored, bartered, sold, and disposed of one or more stolen firearms, which are the firearms described in paragraph 2 of the Introduction to this Indictment, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe that said firearms were stolen, and did aid and abet in the same.

3.  All in violation of Title 18, United States Code, §§ 922(j), 2.


## NOTICE OF FORFEITURE

1.      Upon conviction of one or more of the felony offenses alleged in this

Indictment, the defendant shall forfeit to the United States:

> any firearm and ammunition involved or used in the commission of
> said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. §
> 924(d) and 28 U.S.C. § 2461(c).


2.      The property to be forfeited to the United States includes but is not limited to

the following property:

a.  Diamondback Firearms, Model: DBX, 5.7mm pistol, SN: DBX3684

b.  Kel-Tec, Model: P50, 5.7mm pistol, SN: AAC493

c.  Sauer, J.P. & Sohn, Model: 38H, .32 caliber pistol, SN: 374194

d.  CZ, Model: Unknown, .380 caliber pistol, SN: 101746

e.  SAR, Model: 109T, 9mm pistol, SN: T1102-21BG01049

f.  Garaysar, Model: MKA1923, 12-gauge shotgun, SN: G2001571

g.  Mossberg, Model: 590 Shockwave, 20-gauge firearm, SN: V0803528

h.  Smith & Wesson, Model: M&P Mod 10, .38 caliber revolver, SN: 870821

i.  Fabrique Nationale (FN), Model: 1922, .32 caliber semi-automatic pistol, SN: 27063

j.  Palmetto State Armory, Model: PA15, 5.56 caliber rifle, SN: SCB500918

   k. Ruger, Model: Blackhawk, .357 caliber revolver, SN: 32-26547

   l. Mossberg & Sons, Model: 590 Shockwave, 12-gauge firearm, SN: V1636327

   m. Paramount, Model: 1915, .32 caliber pistol, SN: 42990

   n. All ammunition, magazines, and accessories associated with these firearms.

  3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this 17th day of August, 2023.

/s/ Grand Jury Foreperson
FOREPERSON

M Christopher R. Kavanaugh
United States Attorney